UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22759-RAR

**XYZ CORPORATION**,

    Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Default Final Judgment against Certain Defendants ("Motion"), [ECF No. 53], filed on November 8, 2024. A Clerk's Default was entered, *see* [ECF No. 43], against Defendants listed in Schedule "A" herewith enclosed ("Defaulting Defendants").[1] Defaulting Defendants failed to appear, answer, or otherwise plead to the Amended Complaint, [ECF No. 8], despite having been served, *see* [ECF No. 30], and were not otherwise dismissed from this action. The Court having considered the record, the applicable law, and noting no opposition to the Motion, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 53], is **GRANTED** for the reasons stated herein. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, default final judgment will be entered by separate order.

---

[1] Since the Clerk's Entry of Default, [ECF No. 43], certain Defendants have been voluntarily dismissed, *see* [ECF Nos. 48, 50, 52], and are not included among the "Defaulting Defendants" or otherwise subject to this Order.

## INTRODUCTION

On July 19, 2024, Plaintiff NA QIU ("Plaintiff") filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale products, using Plaintiff's federally registered patent or a substantially similar reflection thereof, in violation of federal patent law, [ECF No. 1]. On August 27, 2024, Plaintiff filed its Amended Complaint ("Amended Complaint"), [ECF No. 8].

Plaintiff owns one (1) United States Design Patent, No. US D1,019,356 S for an ornamental design for a cord organizer (hereinafter "Plaintiff's Patent" or "356 Patent"). Am. Compl. ¶ 2; Mot. at 3. Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. Am. Compl. ¶ 2; Mot. at 3.

Plaintiff further asserts that Defaulting Defendants' unauthorized use of Plaintiff's Patents in connection with the advertising, distribution, offering for sale, and sale of the retail products using the Plaintiff's Patents have caused irreparable damage through consumer confusion, loss of control over creative content, and garnishment of its valuable patent rights. Am. Compl. ¶¶ 64, 76, 80; Mot. at 1, 3, 7, 10.

In its Motion, Plaintiff seeks the entry of default final judgment against Defaulting Defendants in an action alleging patent infringement. Plaintiff further requests that the Court (1) enjoin Defaulting Defendants' unlawful use of Plaintiff's Patents, and (2) award Plaintiff damages. *See* Mot. at 9–15.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. FED. R. CIV. P. 55(b)(2). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on

appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-cv-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017); *see also Buchanan*, 820 F.2d at 361 ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

Here, Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. The Defaulting Defendants in the case have not appeared. Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants and an adjudication may be entered. The Court thus finds there is a sufficient basis in the pleading for the default judgment to be entered with respect to the Defaulting Defendants.

## BACKGROUND

Without Plaintiff's permission or license, Defaulting Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. *See* Am. Compl. ¶¶ 3, 71. Plaintiff has submitted sufficient evidence showing each Defaulting Defendant has infringed Plaintiff's patent rights. Defaulting Defendants are not now, nor have they ever been, authorized or licensed to use, display, reproduce or distribute the Plaintiff's Patent. *Id.* ¶ 3.

Plaintiff undertook an investigation that has established that Defaulting Defendants are using various web stores on platforms such as Amazon, eBay, and Walmart to sell primarily from

foreign countries such as China to consumers in the United States items that are not authorized or approved by Plaintiff by utilizing the Plaintiff's Patents without Plaintiff's permission. Am. Compl. at 13; Mot. at 4. Plaintiff accessed Defaulting Defendants' internet-based e-commerce stores operating under their respective Seller ID names through for example Amazon and eBay. Am. Compl. at 12–13; Mot. at 4.

Upon accessing each of the e-commerce stores, Plaintiff viewed product listings displaying the Plaintiff's Patent, added products to the online shopping cart, proceeded to a point of checkout, and otherwise actively exchanged data with each e-commerce store. Mot. at 4. Plaintiff captured detailed web pages for each Defaulting Defendant store. *Id*. Plaintiff personally analyzed Defendants' product listings posted via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of Plaintiff's Patent, and concluded that the use by Defendants was infringing. *Id.*

## ANALYSIS

A.   **Claims**

Section 271(a) of the Patent Act, 35 U.S.C. § 271(a), creates liability for patent infringement against "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a). To prevail on its patent infringement claim, Plaintiff must demonstrate that the accused product infringes a patented design.

Design patent infringement requires a showing that the accused design is substantially the same as the claimed design. The criterion is deception of the ordinary observer, such that one design would be confused with the other. *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F. 3d 665, 670–71, 679 (Fed. Cir. 2008). Under this test, the central inquiry is whether an "ordinary observer," who is familiar with the prior art, would find the overall appearance of the accused

product to be "substantially the same" as the overall appearance of the patented design. *Id*. at 670; *see also Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F .3d 1365, 1371 (Fed. Cir. 2006). An infringing product need not be an exact copy of the patented design, and Defendants cannot escape infringement by introducing minor variations into an otherwise copycat product. *Egyptian Goddess*, 543 F. 3d at 670 (citing *Gorham Co. v. White*, 81 U.S. 511 (1871)).

### B. Liability

The factual allegations of Plaintiff's Amended Complaint sufficiently allege the elements for Plaintiff's claim of patent infringement, [ECF No. 8]. Plaintiff owns one (1) United States Design Patent, No. US D1,019,356 S, for an ornamental design for a cord organizer (hereinafter "Plaintiff's Patent" or "356 Patent"). *See* Am. Compl. ¶ 2; [ECF No. 8-1] (United States Design Patent, No. US D1,019,356 S); *see also* Decl. of Plaintiff ¶ 4, [ECF No. 9]. Defaulting Defendants have without authorization used and offered for sale Plaintiff's Patent. *See* Am. Compl. ¶¶ 3, 51–58, 71; [ECF No. 8]. Plaintiff has shown that a simple comparison of Defendants' infringing goods, which are being offered for sale and/or sold in the United States, with Plaintiff's Patent, indicates that any "ordinary observer" can perceive Defendants' blatant infringement of Plaintiff's exclusive patent as the images that depict the design are virtually exact duplicates or substantially similar images to Plaintiff's Patent. Moreover, the factual allegations in Plaintiff's Amended Complaint have been substantiated by sworn declarations and other evidence and establish Defaulting Defendants' liability for patent infringement. Decl. of Plaintiff, [ECF No. 9]; Decl. of Humberto Rubio, [ECF No. 10]. Accordingly, entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b) is appropriate.

### C. Injunctive Relief

The Patent Act provides that courts "may" grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement of a patent. 35 U.S.C. § 283. Injunctive relief is available in a default judgment setting. *See e.g.*, *PetMed Express, Inc. v. MedPets.Com,*

*Inc.*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004). Defaulting Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

The Court previously found these factors in favor of Plaintiff when it entered the preliminary injunction in this matter, [ECF No. 32]. No change has occurred since then, and Plaintiff has carried its burden on each of the four factors warranting permanent injunctive relief. A permanent injunction will protect Plaintiff's intellectual property interests, as well as prevent consumer confusion and deception in the marketplace.

Further, irreparable harm exists where, as here, the infringers' unauthorized use of Plaintiff's intellectual property causes confusion among consumers and damages business reputation and brand confidence. *Kevin Harrington Enterprises, Inc. v. Bear Wolf, Inc.*, No. 98-cv-1039, 1998 WL 35154990 (S.D. Fla. 1998) (likelihood of irreparable harm may be shown where infringement leaves plaintiff without the ability to control its own reputation). "It is well-settled that, because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole." *Hybritech Inc. v. Abbott Laboratories*, 849 F.2d 1446, 1456–1457 (Fed. Cir. 1988).

A patent holder possesses "the right to exclude others from using his property." *ebay Inc.*, 547 U.S. at 392 (citing *Fox Film Corp.v. Doyal*, 286 U.S. 123 (1932)). Defendants' infringing conduct deprives Plaintiff of control over its intellectual property and of its exclusive rights causing irreparable harm. *Id.* (holding violation of patent owner's "right to exclude" renders monetary remedies inadequate in a wide range of circumstances).

Plaintiff has no adequate remedy at law so long as Defaulting Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of products sold utilizing the Plaintiff's Patent or the manner in which Plaintiff's IP rights are displayed. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defaulting Defendants' infringing actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and his inability to control his reputation in the marketplace. By contrast, Defaulting Defendants face no hardship if they are prohibited from the infringement of Plaintiff's Patent, which are illegal acts.

Finally, the public has an interest in the issuance of a permanent injunction against Defaulting Defendants in order to prevent consumers from being misled by Defaulting Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior").

The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defaulting Defendants' infringing activities. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States*

*v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole."). Defaulting Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, Defaulting Defendants will be free to continue infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Therefore, the Court will enter a permanent injunction ordering all product listings displaying Plaintiff's Patent to be permanently removed from Defaulting Defendants' internet stores by the applicable internet marketplace platforms.

### D.  Damages

Under the Patent Act, defendants found liable for design patent infringement "shall be liable to the patent owner to the extent of his total profit, but not less than $250." 35 U.S.C. § 289. Thus, Plaintiffs are entitled to recover the total profit resulting from sales of Defaulting Defendants' accused counterfeit products, but no less than the royalty fee or $250. The Court has "wide discretion in awarding statutory damages." *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F. 2d 829, 852 (11th Cir. 1990)).

Defendants have failed to appear in the current action. Here, the allegations of the Amended Complaint and the evidence establish each Defendant intentionally copied Plaintiff's Patent for the purpose of deriving the benefit of Plaintiff's reputation. *See* Am. Compl. ¶¶ 59, 75. Defendants have defaulted on Plaintiff's allegations of willfulness. *See Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (concluding a court may infer willfulness from the defendants' default) (citation omitted); *PetMed Express, Inc.*, 336 F. Supp. 2d at 1217 (stating that upon default, well-pleaded allegations are taken as true). The

Patent Act permits the Court to award Defendant's profits as damages to ensure Defendants do not continue their intentional and willful counterfeiting activities. 35 U.S.C. § 289.

The only available evidence demonstrates each Defendant individually promoted, distributed, advertised, offered for sale, and/or sold goods which were counterfeits of Plaintiff's Patent. Am. Compl. ¶¶ 3, 13, 18, 43, 56, 71. Based on the above considerations, Plaintiff has asked the Court to award damages which amount to the funds restrained by the Financial/e-commerce Accounts. Mot. 14–15. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's Patent. As such, Plaintiff is entitled to all the funds currently restrained by the financial institutions as a measure of profits.

Lastly, there are no additional Defendants in this case and Plaintiff is to receive the $10,000.00 bond which is to be released back to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to the entry of default final judgment. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 53], is **GRANTED** with respect to the Defaulting Defendants identified on Schedule "A" herewith enclosed. Default final judgment and a permanent injunction shall be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 15th day of November, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**